CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
5/27/2020
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Abingdon Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20cv21 |
| Plaintiff, | |
| v. | |
| BILLY L. COOK, and TAMMY L. COOK, | |
| Defendants. | |

## COMPLAINT

The Plaintiff, the United States of America, with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect: (I) the unpaid joint federal income taxes, including statutory additions and interest, owed by Defendants Billy L. Cook and Tammy L. Cook for the 2006, 2008–2010, and 2015–2018 taxable years, plus statutory additions and interest that will continue to accrue according to law; (II) the trust fund recovery penalties assessed against Tammy L. Cook for the third quarter of 2007 through the third quarter of 2010 for the failure to pay over to the United States taxes withheld from the salaries paid to the employees of Mountain View Masonry, Inc.; and (III) the trust fund recovery penalties assessed against Billy L. Cook for certain quarterly tax periods between the third quarter of 2011 through the third quarter of 2018 for the failure to pay over to the United States taxes withheld from the salaries paid to the employees of Mountain Masonry, Inc.

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402.

2. The liabilities and taxes accrued in this judicial district. Defendants Billy L. Cook and Tammy L. Cook reside in Washington County. Washington County is located in the Western District of Virginia, Abingdon Division. *See* Local Civil Rule 2(a)(1). Thus, venue is proper under 28 U.S.C. §§ 1391(b), 1396.

## PARTIES

3. Plaintiff is the United States of America.

4. Upon information and belief, Defendants Billy L. Cook and Tammy L. Cook reside in Meadowview (Washington County), Virginia, within the jurisdiction of this Court.

### COUNT I: COLLECT FEDERAL INCOME TAXES
### AGAINST BILLY L. COOK AND TAMMY L. COOK

5. The United States incorporates Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury assessed joint federal income taxes against Defendants Billy L. Cook and Tammy L. Cook as set forth in **Table A** on the following page:

[*Remainder of Page Left Intentionally Blank*]

**Table A**

| Tax Period | Date(s) of Assessment | Assessment Amount | Total Balance as of April 6, 2020 |
|---|---|---|---|
| 12/31/2006 | 4/11/2016 | $ 13,072.00 | $ 12,950.20 |
| 12/31/2008 | 7/11/2016 | $ 4,988.00 | $ 568.16 |
| 12/31/2009 | 7/11/2016 | $ 19,011.00 | $ 30,394.16 |
| 12/31/2010 | 7/11/2016 | $ 13,004.00 | $ 22,544.26 |
| 12/31/2015 | 5/7/2018 | $ 20,439.00 | $ 34,009.58 |
| 12/31/2016 | 4/22/2019 | $ 3,288.00 | $ 4,153.74 |
| 12/31/2017 | 11/19/2018 | $ 13,946.00 | $ 9,939.37 |
| 12/31/2018 | 11/18/2019 | $ 15,355.00 | $ 11,819.41 |
| | | **Total:** | **$ 126,378.88** |

7. A delegate of the Secretary of the Treasury gave notice of the tax assessments set forth in Paragraph 6 to Billy L. Cook and Tammy L. Cook, and made demand for payment of those assessments.

8. Despite notice and demand for payment of the assessments described in Paragraph 6, Billy L. Cook and Tammy L. Cook have failed or refused to pay the full amount due and owing.

9. Due to the failure to pay the full amount of the income tax assessments due and owing, penalties and interest have been assessed and have accrued on the income tax assessment amounts listed above in Paragraph 6, above, pursuant to statute.

10. By virtue of the assessments described in Paragraphs 6 and 9, above, Billy L. Cook and Tammy L. Cook are indebted to the United States, jointly and severally, in the total amount of **$126,378.88** as of April 6, 2020 for unpaid federal income taxes, statutory additions to tax, and statutory interest for the 2006, 2008–2010, and 2015–2018 taxable years, plus the statutory additions to tax and interest accruing thereafter according to law until paid in full.

**COUNT II: REDUCE TRUST FUND RECOVERY PENALTIES TO JUDGMENT
AGAINST TAMMY L. COOK**

11. The United States incorporates Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. At all relevant times, Tammy L. Cook was the President of Mountain View Masonry, Inc. ("**Mountain View Masonry**"), a Virginia stock corporation located in Abingdon, Virginia.

13. Under the Internal Revenue Code, employers are required to deduct and pay over to the United States a portion of their employee's wages for Social Security, Medicare, and federal income tax withholding. 26 U.S.C. § 3101, *et seq.*

14. Section 6672 of the Internal Revenue Code imposes a penalty upon any person required to collect, truthfully account for, and pay over the withholdings described in paragraph 13, above, but who willfully fails to do so.

15. During the third quarter of 2007 through the third quarter of 2010, Tammy L. Cook was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Medicare, and social security taxes (the "**Employment Taxes**") withheld from the wages of the employees of Mountain View Masonry.

16. At all relevant times, Tammy L. Cook signed checks on behalf of Mountain View Masonry.

17. Tammy L. Cook willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of Mountain View Masonry which rendered her liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over.

18.     Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties against Tammy L. Cook for amounts withheld from the wages of employees by Mountain View Masonry, but not turned over to the United States as set forth in **Table B** below:

**TABLE B**

| Tax Period | Date(s) of Assessment | Initial Assessment Amount | Total Balance as of April 6, 2020 |
|---|---|---|---|
| 9/30/2007 | 6/7/2010 | $ 62,091.18 | $ 44,161.46 |
| 12/31/2007 | 6/7/2010 | $ 62,209.76 | $ 89,070.27 |
| 3/31/2008 | 6/7/2010 | $ 45,351.73 | $ 65,718.79 |
| 6/30/2008 | 6/7/2010 | $ 41,096.72 | $ 59,552.92 |
| 9/30/2008 | 6/7/2010 | $ 19,448.34 | $ 28,182.42 |
| 12/31/2008 | 6/7/2010 | $ 43,215.70 | $ 54,776.53 |
| 3/31/2009 | 6/7/2010 | $ 39,625.61 | $ 57,421.14 |
| 6/30/2009 | 6/7/2010 | $ 28,785.43 | $ 41,712.73 |
| 9/30/2009 | 6/7/2010 | $ 18,814.35 | $ 27,263.71 |
| 12/31/2009 | 6/7/2010 | $ 18,783.26 | $ 27,218.61 |
| 3/31/2010 | 3/28/2011 | $ 22,687.53 | $ 31,979.71 |
| 6/30/2010 | 3/28/2011 | $ 22,161.69 | $ 31,170.34 |
| 9/30/2010 | 3/28/2011 | $ 23,789.17 | $ 33,459.40 |
| | | **Total:** | $ 591,688.03 |

19.     A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 18, above, to Tammy L. Cook, and made demand upon her for the payment of those assessments.

20.     Interest has accrued according to law on the unpaid balance of the assessments set forth in Paragraph 18, above, and will continue to accrue until paid in full.

21.     Despite notice and demand for payment, Tammy L. Cook failed or refused to pay the full amounts due and owing for the penalty assessments set forth in Paragraph 18, above.

22. By reason of the assessments described in Paragraph 18, above, Tammy L. Cook is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of **$591,688.03** as of April 6, 2020, plus statutory additions and interest that will continue to accrue after that date according to law.

**COUNT III: REDUCE TRUST FUND RECOVERY PENALTIES TO JUDGMENT AGAINST BILLY L. COOK**

23. The United States incorporates Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, Billy L. Cook was the President of Mountain Masonry, Inc. ("**Mountain Masonry**"), a Virginia stock corporation located in Abingdon, Virginia. Upon information and belief, Mountain Masonry is the successor entity to Mountain View Masonry.

25. Under the Internal Revenue Code, employers are required to deduct and pay over to the United States a portion of their employee's wages for Social Security, Medicare, and federal income tax withholding. 26 U.S.C. § 3101, *et seq.*

26. Section 6672 of the Internal Revenue Code imposes a penalty upon any person required to collect, truthfully account for, and pay over the withholdings described in paragraph 25, above, but who willfully fails to do so.

27. During the third quarter of 2011 through the third quarter of 2018, Billy L. Cook was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Medicare, and social security taxes (the "**Employment Taxes**") withheld from the wages of the employees of Mountain Masonry.

28. At all relevant times, Billy L. Cook signed checks on behalf of Mountain Masonry.

29. Billy L. Cook willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of Mountain Masonry which rendered him

liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over.

30.     Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties against Billy L. Cook for amounts withheld from the wages of employees by Mountain Masonry, but not turned over to the United States as set forth in **Table C** below:

## **TABLE C**

| Tax Period | Date(s) of Assessment | Initial Assessment Amount | Total Balance as of April 6, 2020 |
|---|---|---|---|
| 9/30/2011 | 4/18/2016 | $ 24,504.70 | $ 29,449.73 |
| 12/31/2011 | 4/18/2016 | $ 20,794.21 | $ 24,990.47 |
| 3/31/2012 | 4/18/2016 | $ 25,719.45 | $ 30,909.62 |
| 6/30/2012 | 4/18/2016 | $ 18,754.72 | $ 22,539.41 |
| 9/30/2012 | 4/18/2016 | $ 24,189.14 | $ 29,070.52 |
| 12/31/2012 | 4/18/2016 | $ 26,841.22 | $ 32,257.76 |
| 3/31/2013 | 4/18/2016 | $ 25,960.79 | $ 31,199.65 |
| 6/30/2013 | 4/18/2016 | $ 30,449.24 | $ 36,593.88 |
| 9/30/2013 | 4/18/2016 | $ 27,951.59 | $ 33,592.20 |
| 12/31/2013 | 4/18/2016 | $ 27,773.77 | $ 33,378.51 |
| 3/31/2014 | 5/22/2017 | $ 23,384.53 | $ 26,903.26 |
| 6/30/2014 | 4/18/2016 | $ 39,497.26 | $ 47,467.78 |
| 3/31/2015 | 5/22/2017 | $ 41,856.50 | $ 48,154.77 |
| 9/30/2015 | 5/22/2017 | $ 22,703.51 | $ 26,119.77 |
| 12/31/2015 | 5/22/2017 | $ 31,430.56 | $ 36,160.01 |
| 3/31/2016 | 5/22/2017 | $ 6,265.52 | $ 7,208.30 |
| 9/30/2016 | 6/10/2019 | $ 6,748.33 | $ 7,046.31 |
| 9/30/2017 | 6/10/2019 | $ 15,984.71 | $ 16,666.06 |
| 12/31/2017 | 6/10/2019 | $ 31,127.26 | $ 32,454.06 |
| 3/31/2018 | 6/10/2019 | $ 19,676.46 | $ 20,515.17 |
| 6/30/2018 | 6/10/2019 | $ 30,878.50 | $ 32,194.70 |
| 9/30/2018 | 6/10/2019 | $ 61,638.69 | $ 64,266.04 |
| | | Total | $ 669,137.98 |

31. A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 30, above, to Billy L. Cook, and made demand upon him for the payment of those assessments.

32. Interest has accrued according to law on the unpaid balance of the assessments set forth in Paragraph 30, above, and will continue to accrue until paid in full.

33. Despite notice and demand for payment, Billy L. Cook failed or refused to pay the full amounts due and owing for the penalty assessments set forth in Paragraph 30, above.

34. By reason of the tax assessments described in Paragraph 30, above, Billy L. Cook is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of **$669,137.98** as of April 6, 2020, plus statutory additions and interest that will continue to accrue after that date according to law.

## RELIEF REQUESTED

**WHEREFORE**, the United States of America respectfully requests that the Court:

A. Enter judgment in favor of the United States of America and against the Defendants Billy L. Cook and Tammy L. Cook, jointly and severally, with respect to the assessments described in Paragraphs 6 and 9, above, in the total amount of **$126,378.88** as of April 6, 2020 for unpaid federal income taxes, statutory additions to tax, and statutory interest for the 2006, 2008–2010, and 2015–2018 taxable years, plus the statutory additions and interest accruing thereafter according to law until paid in full;

B. Enter judgment in favor of the United States and against Tammy L. Cook for trust fund recovery penalties of Mountain View Masonry, Inc. from the third quarter of 2007 through the third quarter of 2010 in the amount of **$591,688.03** as of April 6, 2020 together with statutory additions and interest accruing after that date according to law;

C. Enter judgment in favor of the United States and against Billy L. Cook for trust fund recovery penalties of Mountain Masonry, Inc. for certain quarterly tax periods between the third quarter of 2011 through the third quarter of 2018 in the amount of **$669,137.98** as of April 6, 2020 together with statutory additions and interest accruing after that date according to law;

D. Award the United States its costs incurred in prosecuting this action; and

E. Grant such other and further relief to the United States as the Court deems just and proper.

Dated: May 27, 2020

**RICHARD E. ZUCKERMAN**
Principal Deputy Assistant Attorney General

/s/ *Alexander R. Kalyniuk*
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Billy L. Cook, and
Tammy L. Cook

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander R. Kalyniuk, United States Department of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, (202) 616-3309

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
|  | ☐ 345 Marine Product Liability |  | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7402, 26 U.S.C. § 6672

Brief description of cause:
Suit to collect federal taxes

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,387,204.89

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE: 05/27/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alexander R. Kalyniuk

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.